NUMBER 13-09-00457-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

JEREMY FABIAN FUENTES, APPELLANT,


v.



THE STATE OF TEXAS, APPELLEE. 

_____________________________________________________________


On Appeal from the 404th District Court 


of Cameron County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Justices Yañez, Benavides, and Vela


Memorandum Opinion Per Curiam


 Appellant, Jeremy Fabian Fuentes, attempted to perfect an appeal from a conviction
for burglary of a habitation. We dismiss the appeal for want of jurisdiction.

 Sentence in this matter was imposed on June 1, 2009, no motion for new trial was
filed, and notice of appeal was filed on July 31, 2009. On August 7, 2009, the Clerk of this
Court notified appellant that it appeared that the appeal was not timely perfected. 
Appellant was advised that the appeal would be dismissed if the defect was not corrected
within ten days from the date of receipt of the Court's directive. Appellant has not filed a
response to the Court's directive. 

 Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day sentence is imposed or suspended
in open court unless a motion for new trial is timely filed. Tex. R. App. P. 26.2(a)(1). Where
a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days
after the sentence is imposed or suspended in open court. Tex. R. App. P. 26.2(a)(2). The
time within which to file the notice may be enlarged if, within fifteen days after the deadline
for filing the notice, the party files the notice of appeal and a motion complying with Rule
10.5(b) of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 26.3.

 Appellant's notice of appeal was due to have been filed on or before July 1, 2009. 
See Tex. R. App. P. 26.2(a)(2). Appellant did not file a motion for extension of time to file
his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3 and did not
file his notice of appeal until July 31, 2009.

 This Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a
timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the
merits of the appeal in a criminal case and can take no action other than to dismiss the
appeal for want of jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ
of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the
availability of that remedy is beyond the jurisdiction of this Court. See Tex. Code Crim.
Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia, 988 S.W.2d 240
(Tex. Crim. App. 1999).

 The appeal is DISMISSED FOR WANT OF JURISDICTION. 


 PER CURIAM

Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this the 12th day of November, 2009.